# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1504V**
**Filed: October 5, 2018**
UNPUBLISHED

| | |
|---|---|
| ANTHONY D. MADDOX,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Randall G. Knutson, Knutson & Casey Law Firm, Mankato, MN, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

**Dorsey,** Chief Special Master:

On November 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on November 25, 2013. Petition at 1. On June 4, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 46).

On July 16, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 51). Petitioner requests attorneys' fees in the amount of $34,094.00 and attorneys' costs in the amount of $1,926.45. *Id.* at 1. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 51-8). Thus, the total amount requested is $36,020.45.

On July 27, 2018, respondent filed a response to petitioner's motion. (ECF No. 52). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Discussion

### A. Hourly Rates

Petitioner is requesting the following hourly rates: Randall Knutson $295 per hour for work performed from 2015 – 2016 and $365 for work performed from 2017 – 2018. For Wade Abed, II, $250 per hour for work performed through 2017. For the paralegals, $75 per hour for work performed from 2015 – 2016 and $130 per hour for work performed from 2017 – 2018. The undersigned notes that the requested rates are within the appropriate ranges of experience[3] of this court's Attorneys' Hourly Rate Fee Schedule[4] and awards them in full. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

### B. Unnecessary Travel

Upon review of the records, attorney Wade H. Abed billed 4.85 hours for in travel to the "SSDI Office". (ECF No. 51-4 at 4 – 5). It is the attorney's obligation to determine the reasonableness of the time charged and the necessity to the case. In *Young*, the undersigned found that time billed by petitioner's counsel for non-hearing related travel was not justified and deemed unreasonable and excessive absent further explanation. *Young v. Sec'y of Health & Human Servs*., 05-0207V, 2018 WL 2225057 at *5 (Fed. Cl. Spec. Mstr. Apr. 20, 2018). Petitioners have not provided an explanation as to why is was necessary for Mr. Abed to personally travel to the SSDI office to collect any documents or other relevant information. The undersigned shall **reduce the request for attorney's fees by $606.25**[5], the total amount of the time spent in regards to travel to the SSDI office.

## III. Attorney Costs

Petitioner requests a total of $1,926.45 in attorney's costs which includes charges for medical records, travel expenses and shipping costs. (ECF No. 51-4 at 15-

---

[3] Randall Knutson had 23 years of experience as of 2015, 24 years as of 2016, 25 years as of 2017 and 26 years as of 2018. (ECF No. 51-1 at 1). Wade Abed II had 6 years of experience as of 2017. *Minnesota State Bar Association Member Directory.*

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of 4.85 hours at the rate of $125 per hour.

16). The undersigned notes that the receipt dated November 4, 2016 listed as "Lolo's – meal expense for Chattanooga trip" is for a bloody mary, tax and tip. While the undersigned will provide reasonable reimbursement for Petitioner's meals while traveling for a hearing, "[t]he Vaccine Program does not reimburse for alcoholic beverages." *Schmidt v. Sec'y of HHS*, No. 11-620V, 2017 U.S. Claims LEXIS 39, at *8 (Fed. Cl. Spec. Mstr. Jan. 4, 2017) (deducting the costs of the beer and accompanying tax from Petitioner's meal); *Bhuiyan v. Sec'y of HHS*, No. 05-1269V, 2015 U.S. Claims LEXIS 548, at *23 (Fed. Cl. Spec. Mstr. Apr. 16, 2015). Thus, the total cost for this receipt will be deducted and the **request for attorney's costs is reduced by $16.37**.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $35,397.83[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Randall G. Knutson.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.